

Search for Cases by: [Select Search Method...  ▼]

| Judicial Links | eFiling | Help | Contact Us | Print | GrantedPublicAccess   Logoff ALLISONLEE7 |

## 1722-CC10895 - FORESIGHT COAL SALES ET AL V CSX TRANSPORTATION (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**
**Click here to Respond to Selected Documents**

Sort Date Entries: ● Descending ○ Ascending

Display Options: [All Entries ▼]

---

**08/30/2017** ☐ **Order**

IT IS ORDERED THAT V. BRANDON MCGRATH IS HEREBY ADMITTED PRO HAC VICE SO ORDERED: JUDGE MICHAEL MULLEN

☐ **Order**

IT IS ORDERED THAT JASON T. AMS IS HEREBY ADMITTED PRO HAC VICE SO ORDERED: JUDGE MICHAEL MULLEN

**08/17/2017** ☐ **Notice of Service**

Sheriffs Return of Service.
   **Filed By:** JULIANE MARIE RODRIGUEZ
   **On Behalf Of:** FORESIGHT COAL SALES LLC, SUGAR CAMP ENERGY, LLC, WILLIAMSON ENERGY, LLC

☐ **Return Service - Other**

Document ID - 17-SMCC-13188; Served To - CSX TRANSPORTATION, INC.; Server - ; Served Date - 11-AUG-17; Served Time - 00:00:00; Service Type - Sheriff Department; Reason Description - Served

**08/15/2017** ☐ **Motion Filed**

Verified Motion for Admission Pro Hac Vice - Jason Ams; Proposed Order.
   **Filed By:** JULIANE MARIE RODRIGUEZ
   **On Behalf Of:** FORESIGHT COAL SALES LLC, SUGAR CAMP ENERGY, LLC, WILLIAMSON ENERGY, LLC

☐ **Motion Filed**

Verified Motion for Admission Pro Hac Vice - V Brandon McGrath; Proposed Order.
   **Filed By:** JULIANE MARIE RODRIGUEZ

**08/08/2017** ☐ **Jury Trial Scheduled**

   **Scheduled For:** 01/02/2018; 9:00 AM; MICHAEL KELLAN MULLEN; City of St. Louis

**08/04/2017** ☐ **Judge/Clerk - Note**

A copy of petition for Mayur Kenia

**08/02/2017** ☐ **Summons Issued-Circuit**

Document ID: 17-SMCC-13188, for CSX TRANSPORTATION, INC..

**07/31/2017** ☐ **Filing Info Sheet eFiling**

   **Filed By:** JULIANE MARIE RODRIGUEZ

```
EXHIBIT
A
```

☐ **Pet Filed in Circuit Ct**

    Petition.

        **Filed By:** JULIANE MARIE RODRIGUEZ

        **On Behalf Of:** FORESIGHT COAL SALES LLC, SUGAR CAMP ENERGY, LLC, WILLIAMSON ENERGY, LLC

☐ **Judge Assigned**

Case.net Version 5.13.16.6        <u>Return to Top of Page</u>        Released 06/08/2017

Electronically Filed - City of St. Louis - July 31, 2017 - 05:04 PM

### IN THE 22nd JUDICIAL CIRCUIT COURT OF ST. LOUIS CITY
### STATE OF MISSOURI

| | |
|---|---|
| **FORESIGHT COAL SALES LLC,** ) | |
| **SUGAR CAMP ENERGY, LLC,** ) | **CASE NO.** _____ |
| **WILLIAMSON ENERGY, LLC** ) | |
| ) | **DIVISION:** _____ |
| **PLAINTIFF** ) | |
| ) | |
| **V.** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **CSX TRANSPORTATION, INC.** ) | |
| ) | |
| **DEFENDANT** ) | |
| **SERVE:** ) | |
| ) | |
| **CT CORPORATION SYSTEMS** ) | |
| **120 SOUTH CENTRAL AVENUE** ) | |
| **CLAYTON, MO 63105** ) | |
| _____ ) | |

### PETITION

Plaintiffs Foresight Coal Sales LLC ("Foresight"), Sugar Camp Energy, LLC ("Sugar Camp"), and Williamson Energy, LLC ("Williamson") (collectively, "Plaintiffs") by counsel, for their complaint for relief against the Defendant, CSX Transportation, Inc. ("Defendant" or "CSX"), state as follows:

### PARTIES

1.      Foresight is a Delaware limited liability company with its principal place of business in St. Louis City, Missouri.

2.      Sugar Camp is a Delaware limited liability company with its principal place of business in St. Louis City, Missouri.

3.      Williamson is a Delaware limited liability company with its principal place of business in St. Louis City, Missouri.

Electronically Filed - City of St. Louis - July 31, 2017 - 05:04 PM

4.      CSX Transportation, Inc., is a Virginia Corporation with a principal place of business located in Jacksonville, Florida.

## JURISDICTION

5.      This Court has subject matter jurisdiction over the claims alleged in this Complaint pursuant to Mo. Const. Art. V, Section 14.

6.      This Court has personal jurisdiction over Defendant because the Defendant entered into contracts with companies whose principal place of business was and is in St. Louis, Missouri, and/or because the actions of the Defendant caused harm in St. Louis, Missouri, and/or because the Defendant maintains a general presence and is authorized to transact business in Missouri.

7.      Venue is proper in this Court pursuant to Mo. Rev. Stat. 508.010(2)(4) and/or 508.010(4).

## FACTS

8.      Foresight acts as contracting agent for certain affiliated entities for the purpose of selling coal from specific mines.

9.      In pertinent part, Foresight acts as agent for Williamson and Sugar Camp.

10.      Foresight is responsible for entering into coal supply contracts on behalf of the Williamson and Sugar Camp, and collecting revenues resulting from the supply of coal by Williamson and Sugar Camp to the coal purchasers under the coal supply contracts.

11.      Under that authority, Foresight has entered into contracts with multiple purchasers located in several different States, including South Carolina, Florida, Georgia and Alabama.

**Customer #1**

12.      Foresight agreed on behalf of Williamson and Sugar Camp to provide certain amounts of coal to Customer #1.

2

Electronically Filed - City of St. Louis - July 31, 2017 - 05:04 PM

13.     Plaintiffs and Customer #1 agreed that the coal would be delivered to Customer #1 free-on-board ("FOB") railcars at the mine, with, upon information and belief, the railcars to be provided by CSX, pursuant to an agreement with Customer #1.

14.     The price for the coal was to be determined at the time of loading.  Invoices are sent from Foresight to Customer #1 after shipment, and payment is made by Customer #1 to Foresight.

15.     Upon information and belief, Customer #1 has an agreement with CSX for shipping from the mine.

**Customer #2**

16.     Foresight agreed on behalf of Sugar Camp to provide certain amounts of coal to the Customer #2.

17.     Foresight and Sugar Camp were required to load and ship coal sold and purchased in accordance with certain requirements referenced from a separate agreement between CSX and Customer #2, including an obligation that CSX coordinate placement of empty cars with Foresight and Sugar Camp by providing, *inter alia*, advance notice of arrival for loading and unloading.  Foresight and Sugar Camp were also required to coordinate timely scheduling of unit shipments and trains with CSX.

18.     Foresight, Sugar Camp and Customer #2 agreed the coal would be provided FOB railcar at the CSX Interchange in Evansville, Indiana (the "CSX Interchange") for coal delivered from Sugar Camp.  Payments are made by Customer #2 to Foresight for the shipped coal pursuant to invoice.

1674964

Electronically Filed - City of St. Louis - July 31, 2017 - 05:04 PM

**Customer #3**

19.    Foresight agreed on behalf of Sugar Camp to provide certain amounts of coal to Customer #3.

20.    Foresight, Sugar Camp and Customer #3 agreed that the coal was to be provided FOB at the CSX Interchange.  Payments are to be made by Customer #3 to Foresight for shipped coal pursuant to invoice.

21.    Foresight and Sugar Camp were also required to load and ship coal sold and purchased in accordance with certain requirements referenced from a separate agreement between CSX and Customer #3, including an obligation that CSX coordinate placement of empty cars with Foresight and Sugar Camp by providing, *inter alia*, advance notice of arrival for loading and unloading.  Foresight and Sugar Camp were also required to coordinate timely scheduling of unit shipments and trains with CSX.

**Customer #4**

22.    Foresight agreed on behalf of Sugar Camp to provide certain amounts of coal to Customer #4.

23.    Foresight, Sugar Camp and Customer #4 agreed that the coal was to be provided FOB railcar at the Evansville Western/CSX Interchange in Evansville, Indiana.  Payments are made by Customer #4 to Foresight for shipped coal pursuant to invoice.

24.    Foresight could not charge Customer #4 for any coal until after the coal was loaded onto the railcars for delivery.

25.    Upon information and belief, Customer #4 has an agreement with CSX whereby CSX was to provide empty railcars for the shipment of coal from the Evansville Western / CSX Interchange to Customer #4.

1674964

Electronically Filed - City of St. Louis - July 31, 2017 - 05:04 PM

**Customer #5**

26.     Foresight agreed on behalf of Sugar Camp to provide certain amounts of coal to the Customer #5.

27.     Foresight, Sugar Camp and Customer #5 agreed that the coal was to be provided FOB at the CSX Interchange.  Payments are to be made by Customer #5 to Foresight for shipped coal pursuant to invoice.

28.     Foresight and Sugar Camp were also required to load and ship coal sold and purchased in accordance with certain requirements referenced from a separate agreement between CSX and Customer #5, including an obligation that CSX coordinate placement of empty cars with Foresight and Sugar Camp by providing, *inter alia*, advance notice of arrival for loading and unloading.  Foresight and Sugar Camp were also required to coordinate timely scheduling of unit shipments and trains with CSX.

**Delivery Delays Caused by CSX**

29.     In each instance as referenced above, Customers #1-5 (collectively, the "Purchasers") reached an agreement with CSX to provide rail transportation services for the coal purchased under their respective coal supply contracts with Foresight.  CSX's timely performance was an essential component for delivery of the purchased coal.

30.     CSX provided access to its web-based reservation system for use in scheduling all deliveries to the Purchasers.

31.     Specifically, for each order placed under any of the Agreements, CSX would obtain from Foresight an estimation of the total amount and number of deliveries to occur during the upcoming month.  This estimate typically occurred one month before the shipments were to begin.

1674964

Electronically Filed - City of St. Louis - July 31, 2017 - 05:04 PM

32.     Thereafter, the Purchasers would access CSX's web-based reservation system and identify the specific number of train cars and coal requested for that month under each of the Agreements.   Foresight would then confirm that they could produce the amount of coal requested.  This typically occurred fifteen (15) days before the shipments were to begin.

33.     The Purchasers could adjust the total number of projected shipments after Foresight confirmed they could produce the coal requested if they discovered they needed additional amounts and/or to make up shortfall from the prior month.

34.     At no time during the relevant time period did CSX reject the proposals from the Purchasers that were accepted by Foresight.

35.     In every instance, CSX had access and knowledge of the confirmation and acceptance because they were provided through CSX's web-based reservation system.

36.     CSX repeatedly failed to take appropriate actions to ensure approved and/or agreed upon deliveries were met.  Upon information and belief, CSX's failures included, but are not limited to:

a.      failing, intentionally and/or negligently, to provide adequate crews and engines;

b.      intentionally and/or negligently delaying in-transit shipments, which caused CSX to be unable to return and retrieve additional trains for transit;

c.      failing, intentionally and/or negligently, to anticipate and take necessary actions for scheduled trains; and

d.      intentionally and/or negligently prioritizing shipments for unrelated third parties without valid cause.

Electronically Filed - City of St. Louis - July 31, 2017 - 05:04 PM

37.     Due to CSX's failure to take the required steps to ensure it met the approved deliveries, Plaintiffs were forced to delay and/or cancel at least 160 trains from 2015 to the date of filing of this Petition:

    a.    In 2015, CSX caused, in whole or in part, seventeen trains scheduled on behalf of Customer #1 to be delayed and/or canceled.

    b.    In 2015, CSX caused, in whole or in part, thirty-six trains scheduled on behalf of Customer #5 to be delayed and/or canceled.

    c.    In 2015, CSX caused, in whole or in part, four trains scheduled on behalf of Customer #2 to be delayed and/or canceled.

    d.    In 2016, CSX caused, in whole or in part, twenty-eight trains scheduled on behalf of Customer #1 to be delayed and/or canceled.

    e.    In 2016, CSX caused, in whole or in part, fifteen trains scheduled on behalf of Customer #5 to be delayed and/or canceled.

    f.    In 2016, CSX caused, in whole or in part, five trains scheduled on behalf of Customer #2 to be delayed and/or canceled.

    g.    In 2017, CSX caused, in whole or in part, five trains scheduled on behalf of Customer #1 to be delayed and/or canceled.

    h.    In 2017, CSX caused, in whole or in part, thirty-two trains scheduled on behalf of Customer #5 to be delayed and/or canceled.

    i.    In 2017, CSX caused, in whole or in part, three trains scheduled on behalf of Customer #2 to be delayed and/or canceled.

    j.    In 2017, CSX caused, in whole or in part, nine trains scheduled on behalf of Customer #3 to be delayed and/or canceled.

1674964

Electronically Filed - City of St. Louis - July 31, 2017 - 05:04 PM

k.      In 2017, CSX caused, in whole or in part, six trains scheduled on behalf of Customer #4 to be delayed and/or canceled.

38.     Thus, due to the foregoing, CSX caused, intentionally or negligently, in whole or in part, one hundred sixty trains scheduled by Plaintiffs through CSX's web-based reservation system to be delayed and/or cancelled.

39.     CSX's failures caused Plaintiffs to incur significant costs in managing, restocking and storing coal reserves to meet the requirements under their agreements with the Purchasers. Plaintiffs were also forced to forego acquiring additional contracts and earning additional profits due to the delay in shipment of coal from their holding facilities.  CSX's actions caused additional harm by forcing delays to Plaintiffs' production schedule, which in turn caused tonnage costs to increase.

40.     The damages caused by CSX's failures are continuing and ongoing.

**COUNT I:**
**BREACH OF CONTRACT**

41.     Plaintiffs incorporate by reference paragraphs 1 - 40 of this Complaint.

42.     CSX agreed to provide the necessary crew, engines and other requirements for delivering the loaded railcars by failing to refuse any of the requests and confirmations processed on the CSX web-based reservation system, and/or took other actions intended to cause Plaintiffs and the respective Purchasers to conclude that CSX agreed to provide the necessary crew, engines and other requirements for delivering the loaded railcars.

43.     The demands by the individual Purchasers, the acceptance by Plaintiffs, and the agreement/acceptance by CSX constitute accepted, enforceable agreements.

44.     CSX failed to provide the necessary crew, engines and other requirements for delivering the loaded railcars in violation of its agreement with Plaintiffs.

1674964

Electronically Filed - City of St. Louis - July 31, 2017 - 05:04 PM

45.     CSX's failure to provide the necessary crew, engines and other requirements for delivering the loaded railcars caused Plaintiffs to suffer damages, including but not limited to missed sales opportunities, lost revenue and profits, increased storage and maintenance costs, and increased production costs.

## COUNT II:
## PROMISSORY ESTOPPEL

46.     Plaintiffs incorporate by reference paragraphs 1 - 45 of this Complaint.

47.     CSX's actions or lack thereof regarding the request to provide railcars sent on the CSX web-based reservation system created a promise to Plaintiffs to provide the necessary crew, engines and other requirements for delivering the loaded railcars, and led Plaintiffs to conclude that CSX agreed to provide the necessary crew, engines and other requirements for delivering the loaded railcars.

48.     Plaintiffs relied upon CSX's promise to provide the necessary crew, engines and other requirements for delivering the loaded railcars.

49.     By either affirming that CSX would provide the necessary crew engines and other requirements for delivering the loaded railcars or by failing to acknowledge their inability or refusal to do the same, CSX expected or should have expected Plaintiffs to rely upon CSX's promise.

50.     CSX failed to provide the necessary crew, engines and other requirements for delivering the loaded railcars in violation of its agreement with Plaintiffs.

51.     CSX's failure to provide the necessary crew, engines and other requirements for delivering the loaded railcars caused Plaintiffs to suffer damages, including but not limited to missed sales opportunities, lost revenue and profits, increased storage and maintenance costs, and increased production costs.

Electronically Filed - City of St. Louis - July 31, 2017 - 05:04 PM

52.     Enforcement of CSX's promise is required because it would otherwise result in an injustice that only enforcement of the promise can cure.

## COUNT III:
## INTENTIONAL INTERFERENCE WITH CONTRACT

53.     Plaintiffs incorporate by reference paragraphs 1 – 52 of this Complaint.

54.     Plaintiffs have valid, enforceable and ongoing business relationships with the Purchasers.

55.     CSX was aware of the valid, enforceable and ongoing business relationships, in part because it was an active participant in those relationships.

56.     CSX intentionally interfered in those relationships by refusing to provide the necessary crew, engines and other requirements, which caused Plaintiffs to be unable to comply with the requests by the Purchasers and their respective agreements with Plaintiffs.

57.     CSX has failed to provide any reasonable justification for its intentional actions.

58.     CSX's failure to provide the necessary crew, engines and other requirements for delivering the loaded railcars caused Plaintiffs to suffer damages, including but not limited to missed sales opportunities, lost revenue and profits, increased storage and maintenance costs, and increased production costs.

## COUNT IV:
## BREACH OF CONTRACT (THIRD PARTY BENEFICIARY)

59.     Plaintiffs incorporate by reference paragraphs 1 - 58 of this Complaint.

60.     Upon information and belief, CSX entered into agreements with the Purchasers to provide shipping services from the mines operated by Sugar Camp and/or Williamson and/or the CSX Interchange to the Purchasers.

61.     Plaintiffs were intended beneficiaries of those agreements in that CSX and the Purchasers were not only aware that Plaintiffs were selling the coal and would benefit financially

10

1674964

Electronically Filed - City of St. Louis - July 31, 2017 - 05:04 PM

from the transactions, but also because Plaintiffs were the identified provider of the coal that CSX was transporting.

62.     CSX breached the agreements with the Purchasers by failing to provide the necessary crew, engines and other requirements for delivering the loaded railcars.

63.     CSX's failure to provide the necessary crew, engines and other requirements for delivering the loaded railcars caused Plaintiffs to suffer damages, including but not limited to missed sales opportunities, lost revenue and profits, increased storage and maintenance costs, and increased production costs.

**COUNT V:**
**PROMISSORY ESTOPPEL (THIRD PARTY BENEFICIARY)**

64.     Plaintiffs incorporate by reference paragraphs 1 - 63 of this Complaint.

65.     CSX's actions or lack thereof regarding the request to provide railcars sent on the CSX web-based reservation system created a promise or promises to the Purchasers to provide the necessary crew, engines and other requirements for delivering the coal, and led Plaintiffs to conclude that CSX agreed to provide the necessary crew, engines and other requirements for delivering the loaded railcars.

66.     Plaintiffs relied upon CSX's promise to provide the necessary crew, engines and other requirements for delivering the loaded railcars.

67.     By either affirming that CSX would provide the necessary crew engines and other requirements for delivering the loaded railcars or by failing to acknowledge their inability or refusal to do the same, CSX expected or should have expected Plaintiffs to rely upon CSX's promise.

68.     CSX failed to provide the necessary crew, engines and other requirements for delivering the loaded railcars in violation of its agreement with the Purchasers.

11

Electronically Filed - City of St. Louis - July 31, 2017 - 05:04 PM

69.     CSX's failure to provide the necessary crew, engines and other requirements for delivering the loaded railcars caused Plaintiffs to suffer damages, including but not limited to missed sales opportunities, lost revenue and profits, increased storage and maintenance costs, and increased production costs.

70.     Enforcement of CSX's promise is required because it would otherwise result in an injustice that only enforcement of the promise can cure.

WHEREFORE, Plaintiffs respectfully demand judgment on the Complaint herein as follows:

1.     Judgment in favor of Plaintiffs on all claims in the amount to be determined at trial;

2.     Costs and attorneys' fees, if and where applicable; and

3.     All other relief to which Plaintiffs are entitled.


**PLAINTIFFS DEMAND TRIAL BY JURY.**

1674964

Electronically Filed - City of St. Louis - July 31, 2017 - 05:04 PM

Respectfully submitted,


/s/ Juliane M. Rodriguez
Juliane M. Rodriguez, MO Bar # 65141
GREENSFELDER, HEMKER, & GALE, P.C.
10 South Broadway, Suite 2000
St. Louis, Missouri 63102
Telephone:      (314) 345-5478
Facsimile:      (314) 241-8624

Jason T. Ams
BINGHAM GREENEBAUM DOLL LLP
300 West Vine Street, Suite 1200
Lexington, Kentucky  40507
Telephone:      (859) 231-8500
Facsimile:      (859) 255-2742
*MOTION FOR PRO HAC VICE TO BE FILED*

V. Brandon McGrath
BINGHAM GREENEBAUM DOLL LLP
255 East Fifth Street
Cincinnati, Ohio  45202
Telephone:      (513) 455-7600
*MOTION FOR PRO HAC VICE TO BE FILED*

COUNSEL FOR PLAINTIFFS

1674964



# ST LOUIS COUNTY SHERIFF

## IN THE 22ND JUDICIAL CIRCUIT COURT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL KELLAN MULLEN | Case Number: 1722-CC10895 | Special Process Server 1 |
|---|---|---|
| Plaintiff/Petitioner:<br> FORESIGHT COAL SALES LLC | Plaintiff's/Petitioner's Attorney/Address<br>JULIANE MARIE RODRIGUEZ<br>10 SOUTH BROADWAY<br>SUITE 2000<br>ST LOUIS, MO 63102 | Special Process Server 2<br><br>Special Process Server 3 |
| vs. | | |
| Defendant/Respondent:<br> CSX TRANSPORTATION, INC. | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Nature of Suit:<br>CC Breach of Contract | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:   CSX TRANSPORTATION, INC.

CT CORPORATION SYSTEMS
120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

### ST LOUIS COUNTY

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

### August 2, 2017

_____        _____
Date                                               Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server                      Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____        _____
Date                                               Notary Public

| **Sheriff's Fees** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $    10.00 | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - City of St. Louis - August 15, 2017 - 03:41 PM

IN THE 22nd JUDICIAL CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

FORESIGHT COAL SALES LLC,     )
SUGAR CAMP ENERGY, LLC,     )
WILLIAMSON ENERGY, LLC     )
                         )    CASE NO. 1722-CC10895
        PLAINTIFF,       )
                         )    DIVISION 1
V.                              )
                         )
CSX TRANSPORTATION, INC.      )
                         )
        DEFENDANT.     )
_____ )

**VERIFIED MOTION FOR ADMISSION PRO HAC VICE**

Pursuant to Rule 9.03 of the Missouri Supreme Court Rules, I, V. Brandon McGrath,

move to be admitted pro hac vice to the bar of this court for the purpose of representing Plaintiffs

in the above-captioned matter.  In support of this Motion, I submit the following information as

required by Rule 9.03:

       (a)       <u>Full name of the movant/attorney:</u>

               Virgil Brandon McGrath

       (b)       <u>Address, telephone number and email of the movant/attorney:</u>

               2350 First Financial Center
               225 East Fifth Street
               Cincinnati, Ohio  45202
               (513) 455-7600
               bmcgrath@bgdlegal.com

       (c)       <u>Name of the firm or letterhead under which the movant/attorney practices:</u>

               Bingham Greenebaum Doll LLP

       (d)       <u>Name of the law school(s) movant attended and the date(s) of graduation
               therefrom:</u>

               University of Cincinnati College of Law, J.D., 1999

#1675911                                 1

Electronically Filed - City of St. Louis - August 15, 2017 - 03:41 PM

(e)   <u>Bars, State and Federal, of which movant is a member, with dates of admission and registration numbers if any:</u>

Ohio Supreme Court, 5/22/2000, Bar No. 0072057
Kentucky Supreme Court, 10/11/2002, Bar No. 89337
United States District Court, Southern District of Ohio, 7/12/2000
United States District Court, Northern District of Ohio, 12/8/2004
United States District Court, Eastern District of Kentucky, 3/7/2003
United States District Court, Western District of Kentucky, 2/12/2004
United States District Court, Southern District of Indiana, 4/3/2008, Bar No. 72057
United States District Court, Northern District of Indiana, 11/19/2007
United States District Court, Western District of Tennessee, 12/9/2013
United States Court of Appeals for the Sixth Circuit, 8/5/2002
United States Court of Appeals for the Eleventh Circuit, 9/2/2011
United States Supreme Court, 11/28/2016, Bar No. 300033

(f)   Neither Movant nor any member of his firm is under suspension or disbarment from any of the courts listed in (e).

(g)   Movant does not reside in the State of Missouri and is not regularly employed in this state and is not regularly in the practice of law in this state.

(h)   Juliane M. Rodriguez of the law firm of Greensfelder, Hemker & Gale, P.C. is a good standing member of the Missouri Bar with an office located at 10 South Broadway, Suite 2000, St. Louis, Missouri  63102 and has entered her appearance as associate counsel and co-counsel for Plaintiffs.

(i)   Movant has paid the $410.00 pro hac vice admission fee to the Missouri Supreme Court, as evidenced by the attached receipt, marked **Exhibit A**.

I attest under penalty of perjury to the truth and accuracy of the foregoing facts, and I respectfully request that this Motion be granted and that I be admitted pro hac vice to the bar of the Court to appear in the above-captioned matter.

_____
N. Brandon McGrath

Subscribed and sworn to before me on this _____ day of August, 2017.

_____
Notary Public

My Commission Expires:

ERIC J. METZGER, Attorney At Law
NOTARY PUBLIC - STATE OF OHIO
My commission has no expiration date
Sec. 147.03 R.C.

#1675911                                    2

Juliane M. Rodriguez hereby joins in this Motion.

Respectfully submitted,

GREENSFELDER, HEMKER & GALE, P.C.


 /s/ Juliane M. Rodriguez
Juliane M. Rodriguez, MO Bar # 65141
GREENSFELDER, HEMKER, & GALE, P.C.
10 South Broadway, Suite 2000
St. Louis, Missouri 63102
Telephone:      (314) 345-5478
Facsimile:      (314) 241-8624

*Attorneys for Plaintiffs*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a copy of the foregoing was e-filed and erved upon all parties of record in this cause enrolled in the Missouri E-filing system by electronic service, on this 15th day of August, 2017.


            /s/  Juliane M. Rodriguez

Electronically Filed - City of St. Louis - August 15, 2017 - 03:41 PM

# EXHIBIT A

Electronically Filed - City of St. Louis - August 15, 2017 - 03:41 PM



**CLERK OF THE SUPREME COURT**
**STATE OF MISSOURI**
**POST OFFICE BOX 150**
**JEFFERSON CITY, MISSOURI**
**65102**

BETSY AUBUCHON
CLERK

TELEPHONE
(573) 751-4144

August 11, 2017

*This will hereby acknowledge receipt of $820 as required by Rule 6.01(m) for Jason T. Ams and V. Brandon McGrath, appearing in Foresight Coal Sales LLC v. CSX Transportation, Inc., Case No. 1722-CC10895, before the Circuit Court of St. Louis City, State of Missouri.*

Betsy AuBuchon, Clerk

Electronically Filed - City of St. Louis - August 15, 2017 - 03:41 PM

IN THE 22nd JUDICIAL CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | |
|---|---|
| FORESIGHT COAL SALES LLC, ) | |
| SUGAR CAMP ENERGY, LLC, ) | |
| WILLIAMSON ENERGY, LLC ) | |
| ) | CASE NO. 1722-CC10895 |
| PLAINTIFF, ) | |
| ) | DIVISION 1 |
| V. ) | |
| ) | |
| CSX TRANSPORTATION, INC. ) | |
| ) | |
| DEFENDANT. ) | |
| ———————————————) | |

**VERIFIED MOTION FOR ADMISSION PRO HAC VICE**

Pursuant to Rule 9.03 of the Missouri Supreme Court Rules, I, Jason T. Ams, move to be admitted pro hac vice to the bar of this court for the purpose of representing Plaintiffs in the above-captioned matter.  In support of this Motion, I submit the following information as required by Rule 9.03:

(a)     Full name of the movant/attorney:

Jason T. Ams

(b)     Address, telephone number and email of the movant/attorney:

300 West Vine Street
Suite 1200
Lexington, KY  40507
(859) 231-8500
jams@bgdlegal.com

(c)     Name of the firm or letterhead under which the movant/attorney practices:

Bingham Greenebaum Doll LLP

(d)     Name of the law school(s) movant attended and the date(s) of graduation therefrom:

University of Kentucky, School of Law, J.D. magna cum laude, 2007

Electronically Filed - City of St. Louis - August 15, 2017 - 03:41 PM

(e)    <u>Bars, State and Federal, of which movant is a member, with dates of admission and registration numbers if any:</u>

State of Kentucky, 2007.
United States District Court, Eastern District of Kentucky, December 4, 2007.
United States District Court, Western District of Kentucky, December 21, 2007.
United States Court of Appeals for the Sixth Circuit, November 25, 2008.

(f)    Neither Movant nor any member of his firm is under suspension or disbarment from any of the courts listed in (e).

(g)    Movant does not reside in the State of Missouri and is not regularly employed in this state and is not regularly in the practice of law in this state.

(h)    Juliane M. Rodriguez of the law firm of Greensfelder, Hemker & Gale, P.C. is a good standing member of the Missouri Bar with an office located at 10 South Broadway, Suite 2000, St. Louis, Missouri 63102 and has entered her appearance as associate counsel and co-counsel for Plaintiffs.

(i)    Movant has paid the $410.00 pro hac vice admission fee to the Missouri Supreme Court, as evidenced by the attached receipt, marked **Exhibit A**.

I attest under penalty of perjury to the truth and accuracy of the foregoing facts, and I respectfully request that this Motion be granted and that I be admitted pro hac vice to the bar of the Court to appear in the above-captioned matter.

_____
Jason T. Ams

Subscribed and sworn to before me on this ___7th___ day of August, 2017.

_____
My Commission Expires:    01-03-2021     Notary Public

Electronically Filed - City of St. Louis - August 15, 2017 - 03:41 PM

Juliane M. Rodriguez hereby joins in this Motion.

Respectfully submitted,

GREENSFELDER, HEMKER & GALE, P.C.


 /s/ Juliane M. Rodriguez
Juliane M. Rodriguez, MO Bar # 65141
GREENSFELDER, HEMKER, & GALE, P.C.
10 South Broadway, Suite 2000
St. Louis, Missouri 63102
Telephone:     (314) 345-5478
Facsimile:      (314) 241-8624

*Attorneys for Plaintiffs*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was e-filed and erved upon all parties of record in this cause enrolled in the Missouri E-filing system by electronic service, on this 15th day of August, 2017.


_____/s/  Juliane M. Rodriguez_____

Electronically Filed - City of St. Louis - August 15, 2017 - 03:41 PM

# EXHIBIT A

Electronically Filed - City of St. Louis - August 15, 2017 - 03:41 PM



**CLERK OF THE SUPREME COURT**
**STATE OF MISSOURI**
**POST OFFICE BOX 150**
**JEFFERSON CITY, MISSOURI**
**65102**

BETSY AUBUCHON
CLERK

TELEPHONE
(573) 751-4144

August 11, 2017

*This will hereby acknowledge receipt of $820 as required by Rule 6.01(m) for Jason T. Ams and V. Brandon McGrath, appearing in Foresight Coal Sales LLC v. CSX Transportation, Inc., Case No. 1722-CC10895, before the Circuit Court of St. Louis City, State of Missouri.*

Betsy AuBuchon, Clerk



Electronically Filed - City of St. Louis - August 17, 2017 - 11:27 AM



## ST LOUIS COUNTY SHERIFF

### IN THE 22ND JUDICIAL CIRCUIT COURT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL KELLAN MULLEN | Case Number:  1722-CC10895 | Special Process Server 1 |
| --- | --- | --- |
| Plaintiff/Petitioner:<br>FORESIGHT COAL SALES LLC<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JULIANE MARIE RODRIGUEZ<br>10 SOUTH BROADWAY<br>SUITE 2000<br>ST LOUIS, MO  63102 | Special Process Server 2<br><br>Special Process Server 3 |
| Defendant/Respondent:<br>CSX TRANSPORTATION, INC.<br><br>Nature of Suit:<br>CC Breach of Contract | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | (Date File Stamp) |

### Summons in Civil Case

**The State of Missouri to:  CSX TRANSPORTATION, INC.**

CT CORPORATION SYSTEMS
120 SOUTH CENTRAL AVENUE
CLAYTON, MO  63105

**ST LOUIS COUNTY**

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**August 2, 2017**

_____
Date

_____
Clerk

Further Information:

#### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☑ other  LCW – B. LOVE

Served at  CT CORP.  LCW – B. LOVE _____ (address)

in  St. Louis County  (County/City of St. Louis), MO, on  AUG 1 1 2017  (date) at  9 A.M.  (time).

LEISINGER
_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date

_____
Notary Public

| Sheriff's Fees | |
| --- | --- |
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $     10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

17-SMCC-6379

Electronically Filed - City of St. Louis - August 15, 2017 - 03:41 PM

IN THE 22nd JUDICIAL CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

FORESIGHT COAL SALES LLC,                )
SUGAR CAMP ENERGY, LLC,                  )
WILLIAMSON ENERGY, LLC                   )
                                         )  CASE NO. 1722-CC10895
            PLAINTIFF,                   )
                                         )  DIVISION 1
V.                                       )
                                         )
CSX TRANSPORTATION, INC.                 )
                                         )
            DEFENDANT.                   )
                                         )

**FILED**

AUG 3 0 2017

22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY

## ORDER

Before the Court is the Verified Motion for Admission Pro Hac Vice filed by Jason T.

Ams, and after careful consideration,

**IT IS HEREBY ORDERED** that the Verified Motion for Admission Pro Hac Vice is

GRANTED.

**IT IS FURTHER ORDERED** that Jason T. Ams is hereby admitted pro hac vice for the

purpose of representing Plaintiffs in this matter.

DATED THIS _____30_____ day of August, 2017.

_____
Judge, Circuit Court of St. Louis City

**ENTERED**

SEP - 7 2017

**LK**

Electronically Filed - City of St. Louis - August 15, 2017 - 03:41 PM

IN THE 22nd JUDICIAL CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | |
|---|---|
| FORESIGHT COAL SALES LLC,<br>SUGAR CAMP ENERGY, LLC,<br>WILLIAMSON ENERGY, LLC<br><br>PLAINTIFF,<br><br>V.<br><br>CSX TRANSPORTATION, INC.<br><br>DEFENDANT. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CASE NO. 1722-CC10895

DIVISION 1

**FILED**

AUG 3 0 2017

22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY_____DEPUTY

## ORDER

Before the Court is the Verified Motion for Admission Pro Hac Vice filed by V. Brandon

McGrath, and after careful consideration,

**IT IS HEREBY ORDERED** that the Verified Motion for Admission Pro Hac Vice is

GRANTED.

**IT IS FURTHER ORDERED** that V. Brandon McGrath is hereby admitted pro hac vice

for the purpose of representing Plaintiffs in this matter.

DATED THIS ____30____ day of August, 2017.

_____
Judge, Circuit Court of St. Louis City

**ENTERED**

SEP - 7 2017

LK